**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WRIGHT, | CASE NO. 1:09-cv-00761-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | (Doc. 1) |
| | THIRTY-DAY DEADLINE |
| Defendant. | |

**I.    Screening Requirement**

Plaintiff Patricia Wright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the Court is Plaintiff's compliant, filed April 29, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

**II.    Discussion**

Plaintiff's complaint states that she wants to bring suit against the California Department of Corrections for gender and racial discrimination. She is seeking two million dollars and a transfer to another prison. The statement of claim refers the Court to her attachments, twenty pages which

1  include her prison grievance and additional documents.

2  In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Plaintiff's complaint does not contain "a short and plain statement of the claim" and does not comply with Rule 8. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to her claims. Plaintiff should carefully review the standards and amend only those claims that she believes, in good faith, are cognizable.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class. Lee, 250

1  F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998).  Under this theory of equal
2  protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's
3  membership in a suspect class, such as race.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167
4  (9th Cir. 2005).

5        If the action in question does not involve a suspect classification, a plaintiff may establish
6  an equal protection claim by showing that similarly situated individuals were intentionally treated
7  differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook v.
8  Olech, 528 U.S. 562, 564 (2000).  To state an equal protection claim under this theory, a plaintiff
9  must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was
10 intentionally treated differently from others similarly situated; and (3) there is no rational basis for
11 the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

12       Finally, "[t]he Eleventh Amendment bars suits for money damages in federal court against
13 a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.
14 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its
15 immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999);
16 see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996).  The California Department
17 of Corrections and Rehabilitation is a state agency entitled to Eleventh Amendment Immunity.
18 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

19 **III.    Conclusion and Order**

20       For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for
21 a violation of her constitutional rights.  Plaintiff is granted leave to file an amended complaint within
22 thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the
23 nature of this suit by adding new, unrelated claims in her amended complaint.   George v. Smith,
24 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

25       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
26 named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
27 Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the
28 duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 29, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 14, 2010

UNITED STATES MAGISTRATE JUDGE

4